FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 01 2022
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MELINDA FLOWERS PLAINTIFF

V. CASE NO. 4:22-CV-610-LPR

CONWAY PUBLIC SCHOOLS DISTRICT DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Melinda Flowers, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against Conway Public Schools District, she does hereby state and allege as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to Americans with Disabilities Act of 1990 ("ADA"), for declaratory judgment, injunctive relief, compensatory damages, and costs, including a reasonable attorney's fee as a result of the Defendant's violation of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA").

2. Plaintiff also brings this action under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of disability.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Kay

4. This Complaint also alleges violations of the Arkansas Civil Rights Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the ADA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein where committed, and had their principal effect, within the Eastern District of Arkansas, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant as an elementary school teacher.

8. Defendant is an employer within the meanings set forth and applicable to federal and state laws, and was, at all times relevant to allegations in this Complaint, Plaintiff's employer.

9. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the ADA and the ACRA.

10. Defendant is a school district, created and existing under and by virtue of the laws of the State of Arkansas.

11. Defendant Conway Public School District can be served through its Superintendent, Jeff Collum, at 2220 Prince St., Conway, AR 72034.

12. Defendant is an "employer" within the meanings set forth in the ADA and the Arkansas Civil Rights Act, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. At all times relevant to this action, Defendant was Plaintiff's employer as defined by the ADA, and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq.*

14. At all times relevant to this action, Defendant was an employer subject to the anti-discrimination provisions of the ADA and the ACRA.

## III. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Plaintiff has been employed by the Defendant for 25 years.

17. Plaintiff suffers from disabilities that affect her respiratory system.

18. In 2021, Plaintiff suffered an injury to her throat, including her larynx (vocal cords), as a result of the Defendant's employees using sprays in her classroom and school building to reduce COVID-19 transmission.

19. As a result of her existing disabilities and this aggravating injury experienced in the Defendant's workplace, Plaintiff suffered vocal strain. Her voice became hoarse and difficult for her students to hear, and she was substantially limited in a major life activity (speaking).

20. At the recommendation of her doctors, Plaintiff requested a disability accommodation from the Defendant.

21. Specifically, Plaintiff requested that the Defendant provided her with a speaker system to use in the classroom so her students could better hear her.

22. Plaintiff met with Dr. Karen Lasker, Defendant's Director of Personnel at the time, regarding her disability accommodation.

23. Dr. Lasker denied her accommodation request, telling Plaintiff that the Defendant did not have to provide her a speaker system, just as if she needed a wheelchair, the Defendant would not provide her with a wheelchair either.

24. When told that Plaintiff did not have a speaker system to use, Dr. Lasker questioned Plaintiff on what she used her stipend money to purchase.

25. Plaintiff responded that she used it to purchase supplies for her 4th grade classroom.

26. Dr. Lasker commented, "I would have used it to purchase the speaker system."

27. Plaintiff was informed that she could not return to work until she had a speaker system in place, because her doctors had recommended this accommodation in the medical paperwork Plaintiff supplied to Defendant.

28. In August 2021, Plaintiff was finally able to borrow a speaker system from another teacher so she could perform her basic job duties, including communicating with her students in the classroom.

29. In December 2021, Plaintiff obtained a speaker system from her school, which she had to locate herself and have a coworker install in her classroom.

30. To the best of Plaintiff's knowledge, Defendant made a cursory and perfunctory effort to obtain her requested accommodation.

31. Plaintiff had knowledge that speaker systems like the one she requested were owned by the Defendant and used in other schools.

32. There were other teachers employed by Defendant who were provided speaker systems by the Defendant for use in the classroom in years past, however Plaintiff was not.

33. To the best of Plaintiff's knowledge, Defendant did not check with any other schools in the district regarding the availability of the speaker system.

34. Defendant's failure to provide this accommodation from May to December 2021 disparately impacted Plaintiff as she had qualifying medical condition that was not being accommodated and had to use more leave time.

35. Defendant failed to engage in an interactive process with Plaintiff, instead telling her that she could not to return to work until she somehow obtained a speaker system, either through begging or borrowing from another teacher, or using her stipend money to purchase one.

36. Plaintiff's employment rights were adversely affected as a direct result of discrimination on the basis of Plaintiff's disability status and Defendant's intentional and willful disparate treatment of its disabled employees in the workplace.

37. Plaintiff sought to perform her job duties with fidelity and integrity while still following her doctor's orders not to strain her voice, and to use a speaker system for speaking.

38. Defendant offered no meaningful reasonable accommodation to Plaintiff, in direct violation of the ADA, instead requiring Plaintiff to obtain the assistive technology she requested.

## IV. FIRST CAUSE OF ACTION
## (Violations of the ACRA Anti-Discrimination Provisions)

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

41. Defendant intentionally discriminated against Plaintiff on the basis of her "physical disability" in violation of A.C.A. § 16-123-107.

42. Claims brought under the ACRA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

43. As more fully described hereinabove, Defendant, through their agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's disability status. Plaintiff was denied the right to perform her job duties without discrimination.

44. As a result of Defendant's violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## V. SECOND CAUSE OF ACTION
## (Violations of the ADA Anti-Discrimination Provisions)

45. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiff filed a charge with the Equal Employment Opportunities Commission alleging violations of Title I of the ADA by Defendant.

47. Plaintiff received a Notice of Rights Letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

48. Defendant engaged in unlawful employment practices at their facility in Faulkner County, Arkansas, in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

49. Specifically, Defendant failed to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive process with Defendant.

50. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the position from which → long term disability or early retirement. → kindergarten teacher had to obtain it and assemble it. Devices obtained through COVID-related funding but the shipping was delayed due to COVID→ , had Plaintiff been provided assistive technology as medically necessitated or had other reasonable accommodations been provided.

51. Despite her ability to perform the essential function of her job, with reasonable accommodations, Plaintiff was forced to use her leave time because she was unable to perform her job duties without the reasonable accommodation she requested. → had a medical order in place since April 2021 but did not obtain a device until December 2021 when she obtained one from her school's facility. Taught without a sound system for a period of time

52. Plaintiff suffered physical disabilities which affected her respiratory system and which were aggravated by the Defendant's employees spraying her classroom and the school building to reduce COVID-19 transmission.

53. Plaintiff's conditions were and are qualified disabilities as defined by the Americans with Disabilities Act of 1990 (the "ADA") and were substantially limited in performing one or more major life activities, including but not limited to vocal strain, pain, and hoarseness.

54. At all times herein, Defendant failed to offer or provide any reasonable accommodation to Plaintiff, including, but not limited to, providing her with a sound system to use in her classroom, as is mandatory under ADA § 42 USCA § 12111, which states that a "reasonable accommodation" includes "acquisition or modification of equipment or devices, ... and other similar accommodations for individuals with disabilities." *Id.*

55. The effect of the practices complained of above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

56. The unlawful employment practices complained of above were and are intentional.

57. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

58. Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or loss to her by reason of Defendant's violations of the ADA, plus any interest she is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Melinda Flowers respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For an order of this Honorable Court entering judgment in her favor against Defendant, for her actual economic damages in an amount to be determined at trial, and compensation for wages lost;

C. For punitive damages and injunctive relief;

D. For her attorney's fees, costs, pre-judgment interest; and

E. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**Melinda Flowers, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. - Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law